**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DEAH M. YOUNG COLCLASURE                                                              PLAINTIFF

v.                                            NO. 4:07CV00540 JLH

KIMBERLY TULANE YOUNG                                                                DEFENDANT

**OPINION AND ORDER**

Deah Colclasure alleges in her complaint that Kimberly Young breached her fiduciary duty and converted property with respect to the administration of Donald Young's estate. Kimberly Young filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the following reasons, the motion is granted in part and denied in part.

**I.**

Colclasure resides in Texas. She is the natural daughter of Donald Young, who resided in Arkansas and died intestate on March 13, 2005. Colclasure claims that at the time of his death her father owned property in Tennessee and Arkansas. In January 2006, Kimberly Young, Donald Young's widow, was appointed administratrix of his estate. Kimberly Young resides in West Memphis, Arkansas.

Colclasure alleges that sometime around October 2006 Young converted personal property in Henderson County, Tennessee, by selling equipment and livestock that Colclasure believes to be hers. Colclasure alleges that Young has breached her fiduciary duty as administratrix. Colclasure also alleges that she is entitled to real property in Henderson County but that Young refuses to recognize her ownership interest.

Young says that she has been appointed administratrix of the estate in Crittenden County, Arkansas. She also says that Colclasure has petitioned to open the estate of Donald Young in an

ancillary proceeding in Chester County, Tennessee, and that in that matter, Young executed an affidavit to appoint Colclasure as ancillary administratrix. Young's motion to dismiss asserts that this Court lacks subject matter jurisdiction in this case because federal courts do not have the power to administer an estate. In her response, Colclasure states that no ancillary probate proceeding has been filed in Tennessee, that the only probate proceeding is in Arkansas, and that this is an *in personam* action over which federal court has subject matter jurisdiction.

## II.

Because jurisdiction is a "threshold matter," this Court is "obligated to address [it] at the outset." *Sianis v. Jensen*, 294 F.3d 994, 997 (8th Cir. 2002). As Judge Posner observed, "no case can properly go to trial if the court is not satisfied that it has jurisdiction." *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986). "[I]t is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974). Therefore, the court "reviews the pleadings, presumes that all of the factual allegations in the complaint concerning jurisdiction are true, and will not dismiss the claims unless the plaintiff fails to allege an essential element for subject matter jurisdiction." *Griffen v. Ark. Jud. Discipline & Disability Comm'n*, 266 F. Supp. 2d 898, 902 (E.D. Ark. 2003) (citing *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)).

## III.

Colclasure is a citizen of Texas and Young is a citizen of Arkansas. Colclasure alleges in her complaint that the value of the property at issue exceeds $75,000. Thus, the statutory requirements for diversity jurisdiction are met. *See* 28 U.S.C. § 1332 (2000). However, even when

diversity of citizenship between parties exists, federal courts have "no probate powers per se." *Bassler v. Arrowood*, 500 F.2d 138, 141 (8th Cir. 1974). This limitation is not expressed in statute nor in a specific provision of the Constitution but has been recognized by the courts and is known as the "probate exception." *Marshall v. Marshall*, 547 U.S. 293, 299, 126 S. Ct. 1735, 1741, 164 L. Ed. 2d 480 (2006). Federal courts have long recognized that "a federal court has no jurisdiction to probate a will or administer an estate"; however, federal courts may address claims against an estate by "'creditors, legatees and heirs'" as long as "the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate of control of the property in the custody of the state court." *Markham v. Allen*, 326 U.S. 490, 494, 66 S. Ct. 296, 298, 90 L. Ed. 256 (1946) (quoting *Waterman v. Canal-Louisiana Bank & Trust Co.*, 215 U.S. 33, 43, 30 S. Ct. 10, 12, 54 L. Ed. 80 (1909)). Courts have had difficulty "ferreting out those instances where the exercise of federal court jurisdiction would interfere with a probate matter to such a degree to invoke the exception . . . ." *Sianis*, 294 F.3d at 998.

The Supreme Court recently explained the scope of the probate exception in the *Marshall* case. *See Marshall*, 547 U.S. at 311, 126 S. Ct. at 1748. The Court said that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Id.* While the probate exception "precludes federal courts from endeavoring to dispose of property that is in the custody of state probate court," it "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 311-12, 126 S. Ct. at 1748. In *Marshall*, tortious interference, which did not involve the probate of a will or a challenge to the validity of a will, was alleged; thus the case fell outside of the probate exception, so the federal court had jurisdiction. *Id.* at 312, 126 S. Ct. at 1748. Since *Marshall*, the

Eighth Circuit in one case has addressed the question of whether the probate exception applied. *See McAninch v. Wintermute*, 491 F. 3d 759, 766 (8th Cir. 2007) (determining that the probate exception did not apply when claims did not relate to probate matters but instead were *in personam* claims regarding breach of contract, libel, and bank's duty to defend decedent).

Colclasure alleges both that Young "breached her fiduciary duty as administratrix" and "converted property" that was part of the estate and belonged to plaintiff. Colclasure also alleges that she is the rightful owner of land that belonged to her father when he died and that Young refuses to acknowledge her ownership. Thus, the complaint seeks a declaration as to the respective rights to both real and personal property. Colclasure's claims involve both an *in personam* tort claim against the administratrix and a claim involving the *res* of the estate. While the Eighth Circuit has not, since *Marshall*, addressed a case in which some claims were subject to the probate exception while others were not, the Second, Sixth, and Seventh Circuits have. In *Jones v. Brennan*, 465 F.3d 304 (7th Cir. 2006), the Seventh Circuit recognized that a plaintiff's complaint about the probate court's treatment of an estate would violate the probate exception, while accusations that the guardians mismanaged the state would give rise to a claim of breach of fiduciary duty, which falls outside of the exception. *Id.* at 307-08 (holding that federal jurisdiction did not exist because there was not diversity of citizenship or a federal question, even though the probate exception did not apply). The Sixth Circuit likewise separated claims for relief that would require the district court to interfere with the state probate court's distribution of the estate and those that would not. *Wisecarver v. Moore*, 489 F.3d 747, 751 (6th Cir. 2007) (observing that "the principles underlying the probate exception are not implicated when federal courts exercise jurisdiction over claims seeking *in personam* jurisdiction based upon tort liability because the claims do not interfere with

the *res* in the state court probate proceedings or ask a federal court to probate or annul a will"). The Second Circuit determined that the district court lacked jurisdiction over a plaintiff's claims for conversion and seeking a judgment identifying which assets of the estate belonged to her because they were "complaints about the maladministration of her parent's estates, which have been proceeding in probate courts," and "the federal court would have to assert control over property that remains under the control of state courts." *Lefkowitz v. Bank of New York*, __ F.3d __, No. 04-0435-cv, 2007 WL 1839756, at *4 (2d Cir. 2007) (citing *Jones*, 465 F.3d at 307). The plaintiff's claim for breach of fiduciary duty, on the other hand, was not dismissed because "[p]laintiff seeks damages from [d]efendants personally rather than assets or distributions from either estate." *Id.* at *5 ("While the issues involved in [p]laintiff's remaining claims undoubtedly intertwine with the litigation proceeding in the probate courts, in addressing the claims, the federal court will not be asserting control of any *res* in the custody of a state court.").

Similarly, Colclasure seeks two types of relief: (1) actual and punitive damages against the defendant, individually, and (2) a declaration of the rights and title to the property of the estate as well as an inventory and accounting. Under *Marshall*, the breach of fiduciary duty claim and attendant prayer for damages against Young, individually, do not fall within the probate exception and are thus properly before this Court, but the claims for an inventory, accounting, and declaration of rights would require this Court to interfere with the property involved in the probate court proceedings and are therefore dismissed.

## CONCLUSION

To the extent that Colclasure claims that Young has breached her fiduciary duty as administrator of Mr. Young's estate and seeks *in personam* damages, this Court has jurisdiction.

However, this Court does not have subject matter jurisdiction over Colclasure's claims for an inventory, accounting, or declaration of title to property. Kimberly Young's motion to dismiss for lack of subject matter jurisdiction is therefore granted in part and denied in part. Document #3.

IT IS SO ORDERED this 11th day of October, 2007.

/s/ J. Leon Holmes
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE